# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STILLMAN CONSULTING SERVICES, LLC, in its capacity as Special Deputy Liquidator for Arches Mutual Insurance Company in Liquidation,<br><br>Plaintiff,<br>v.<br><br>SHAUN GREENE, LINN BAKER, JOHN E. BRAUN, DOUGLAS R. SMITH, NATHAN JOHNS, JON WUNDERLI, FERRIS TAYLOR, DENNIS KUNIMURA, JOHN STOHL, ALAN THURGOOD, MARK TUTTLE, and JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br>Case No. 2:19-cv-00668-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Stillman Consulting Services, LLC's Motion to Remand. Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

## BACKGROUND

Plaintiff Stillman Consulting Services, LLC ("Stillman") is the court-appointed liquidator in the liquidation of Arches Mutual Insurance Company ("Arches"). Arches was a Consumer Oriented and Operated Plan ("CO-OP"), created and approved under the Patient Protection and Affordable Care Act ("ACA"), with the purpose of offering private health insurance to individuals and small groups seeking insurance through a federal virtual marketplace. Defendants were executives of Arches.

Stillman filed the instant suit in the Third Judicial District Court for the State of Utah (the "Liquidation Court") in August 2019, wherein it alleged five causes of action, all of which arise under state law: (1) breach of fiduciary duty under Utah Code Ann. § 16-6a-822; (2) negligence; (3) corporate waste; (4) errors and omissions; and (5) recovery of value received by affiliates under Utah Code Ann. § 31A-27a-502. The following month, Defendants removed the case to this court asserting that each of the preceding claims actually arise under federal law and, as such, this court has original jurisdiction over this action.

## DISCUSSION

Stillman now moves to have this case remanded back to the Liquidation Court alleging that this court lacks jurisdiction over this case. "Federal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). Federal courts are to "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." (quotation marks omitted)).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal court has original jurisdiction when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a complaint arises under federal law

2

and therefore confers federal question jurisdiction, "courts are 'guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (quoting *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)). Thus, the plaintiff in a case "may prevent removal to federal court by choosing not to plead a federal claim even if one is available." *Id.* (quoting *Turgeau*, 446 F.3d at 1060). Moreover, there are two situations in which a case arises under federal law: when the plaintiff's complaint establishes (1) "that federal law creates the cause of action," or (2) "that the plaintiff's right to relief necessarily depends on resolution of a *substantial question* of federal law." *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (emphasis added) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). In this case, Defendants concede that the first situation does not apply given that federal law does not create any of the causes of action that Stillman asserts. Accordingly, Defendants must rely on the second situation.

The "'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Id.* (quoting *Empire*, 547 U.S. at 699). Indeed, the Supreme Court has articulated that the "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). Furthermore, federal question jurisdiction cannot "depend solely on 'a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

3

Rather, for a state law claim to be subject to federal jurisdiction, there must be a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, *and* (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (emphasis added). Because the court concludes that Defendants have failed to establish that this case involves a federal issue that is necessarily raised and substantial, the court will limit its analysis to those two factors.

### A. "Necessarily Raised" Factor

"To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." *Gilmore*, 694 F.3d at 1173 (quoting *Grable*, 545 U.S. at 315). Here, Stillman argues, and the court agrees, that it is unclear which federal issue Defendants believe to be an essential element of any of Stillman's claims. Indeed, in their opposition to Stillman's motion, Defendants fail to address this point. Instead, Defendants argue for a different standard—that a plaintiff's complaint raises a federal issue when the court will necessarily apply a federal law or regulation to the plaintiff's claim. In support of this assertion, Defendants cite to language in *Gunn* which discussed how aspects of the plaintiff's claims in that case would "necessarily require application of [federal] law." 568 U.S. at 259. Accordingly, Defendants contend that there are at least two specific facts from Stillman's complaint that require the application of federal laws and regulations: (1) Arches' status as a CO-OP and (2) loans that Arches received from the Centers for Medicare and Medicaid Services ("CMS") pursuant to a loan agreement (the "Loan Agreement").

Defendants contend that Arches' status as a CO-OP requires the application of federal laws and regulations because the federal government placed several requirements and restrictions on CO-OPs, including corporate governance, who they could insure, and what they could do

with profits. They aver that Stillman's complaint necessarily implicates federal issues because the duties allegedly owed by Defendants to Arches gather their substance and form from federal laws and regulations. Conversely, Stillman argues that Arches' status as a CO-OP is not remotely at issue in this case. Likewise, that the federal government placed several requirements and restrictions on CO-OPs is entirely irrelevant, Stillman contends, because there are no allegations in the Complaint that invoke any such issues. Moreover, Stillman avers that every duty that it asserts against Defendants are exclusively state statutory and common law fiduciary duties.

Next, Defendants contend that the loans that Arches received from CMS pursuant to the Loan Agreement necessarily require the resolution of federal laws and regulations. Specifically, Defendants argue that the loans were both from and administered by CMS under the Loan Agreement, and the Loan Agreement explicitly includes various federal laws, such as the ACA, and regulations in its terms. Thus, because Stillman alleges that Defendants did not comply with the Loan Agreement, the Complaint necessarily implicates the federal laws and regulations enumerated in its terms. Put differently, in order to resolve Stillman's claims and ascertain whether Defendants breached their fiduciary duties, a court will be required to determine whether Defendants complied with the ACA and its accompanying regulations. In response, Stillman avers that the federal laws and regulations that are in the Loan Agreement are entirely inapplicable to the parties and completely irrelevant to the claims raised in the Complaint. Therefore, although the Loan Agreement references various federal statutes, a court would not be required to construe them in connection with Stillman's claims.

In light of the parties' arguments, the court concludes that a federal issue is not necessarily raised in the Complaint so as to confer federal jurisdiction in this case. First, the

court agrees with Stillman that Arches' status as a CO-OP is not at issue in this case. Nowhere in the Complaint does Stillman allege that Arches was not a CO-OP. Nor are there any allegations that would require a court to analyze the requirements and restrictions imposed on CO-OPs by the federal government. That Arches, as a CO-OP, was regulated in part by federal law appears to be irrelevant when considering the claims asserted by Stillman. Second, neither the loans that Arches received nor the Loan Agreement itself require the construction or application of federal laws and regulations. Simply because Arches received loans from the federal government does not mean that federal issues are necessarily raised in this case. Similarly, even though the Loan Agreement references various statutes and regulations, the resolution of Stillman's claims neither depends on nor requires the application of such statutes and regulations. Therefore, the court finds that Stillman's complaint does not necessarily raise a federal issue so as to confer federal jurisdiction.[1] Consequently, the court concludes that Defendants have failed to meet their burden of establishing jurisdiction, and this case must be remanded to the Liquidation Court.

### B. "Substantial" Factor

In determining whether a federal issue is substantial such that it satisfies federal question jurisdiction, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. Instead, "[t]he substantiality inquiry . . . looks . . . to

---

[1] It is worth noting that the Fourth Circuit has further clarified the "necessarily raised" requirement. In that Circuit, "a plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014) (emphasis in original) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004) (en banc)). Thus, if a plaintiff "can support his [or her] claim with even one theory that does not call for an interpretation of federal law, his [or her] claim does not 'arise under' federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817. In this case, Stillman asserts numerous state law bases for all of the claims that it asserts against Defendants. Therefore, under the Fourth Circuit's reasoning, Stillman's claims do not necessarily raise federal issues nor do they arise under federal law. While it seems that the Tenth Circuit has yet to adopt or comment on this line of cases, the Fourth Circuit's reasoning persuasively reinforces the court's decision that Defendants have failed to meet the "necessarily raised" factor to establish federal question jurisdiction.

the importance of the issue to the federal system as a whole." *Id.* In other words, a federal issue is substantial in this context if it is "'a nearly pure issue of law' that would govern 'numerous' cases." *Gilmore*, 694 F.3d at 1174.

In this case, Defendants argue that there are substantial federal issues at play because CO-OPs are federal creatures, and the unique statutory and regulatory scheme that the federal government utilized to create CO-OPs was designed to provide affordable choices of health benefit plants to all Americans. Thus, they allege that the creation, governance, regulation, and loans of CO-OPs are essential to the country's overall healthcare system that Congress sought to establish through the ACA. In support of their position, Defendants rely on and ask the court to follow *Morris v. Blue Shield of California*, No. LACV1605914JAKJPRX, 2017 WL 1653938 (C.D. Cal. May 1, 2017) (unpublished). In that case, the plaintiffs filed a class action against an insurance company challenging whether the insurance company's calculations for insureds complied with the ACA. *See id.* at \*\*1–3. The court determined that the disputes at issue were substantial because (1) there was a substantial amount of money at issue and (2) an important purpose of the ACA is to lower the cost of health insurance and the disputed matters related to that purpose. *Id.* at \*4. In addition, the court noted that the issue was arguably a matter of first impression that could have an impact that went beyond that particular dispute. *Id.* Therefore, like *Morris*, Defendants assert that this court too should find that the case involves substantial federal issues. On the other hand, Stillman argues that this case is about a single CO-OP that failed to comply with its own loan agreement. It contends that Defendants have failed to articulate any significance that Arches' noncompliance with the Loan Agreement could possibly have on the federal system as a whole.

The court agrees with Stillman. The court is unconvinced that the alleged federal issues in this case are almost purely issues of law that would govern numerous cases in the future. Rather, as Stillman points out, this is nothing more than a single case involving one CO-OP and its specific loan agreement. Moreover, Defendants' arguments seem to stand for the proposition that any cases involving CO-OPs implicate substantial federal issues simply because CO-OPs are essential to the United States healthcare system. This proposition is undoubtedly untenable. And as for Defendants' insistence on following *Morris*, that case is readily distinguishable from the case at hand. First, and most importantly, this case does not involve anything having to do with reducing the cost of health insurance. Second, this case presents no matters of first impression given that it surrounds the interpretation of a single loan agreement. Third, the plaintiffs in *Morris* did not challenge the insurance company's contention that the case raised a federal question that was actually disputed and substantial. *Id.*

Accordingly, the court concludes that Defendants have failed to establish that this case involves a substantial issue of federal law. Consequently, this factor serves as an independent basis to grant Stillman's motion and remand this case to the Liquidation Court.

## C. Costs and Fees

When entering an order to remand a case back to state court for lack of jurisdiction, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award costs and fees "rests squarely within the discretion of the district court when a remand is ordered." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005). In deciding whether to award costs and fees under § 1447(c), the Tenth Circuit has opined that "the key factor is the propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*,

106 F.3d 318, 322 (10th Cir. 1997). Put differently, the question [courts] consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Martin*, 393 F.3d at 1147 (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Accordingly, if the "defendant 'had a fair basis for removing the case,'" the court may deny a request for costs and fees. *Id.* at 1146 (quoting *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)).

Here, Stillman argues that Defendants had no objectively reasonable basis for seeking removal. As a result, it claims that it is entitled to an award of its costs and fees incurred in connection with Defendants' removal. Although the court agrees that this case should be remanded and that the court lacks jurisdiction, it concludes that Defendants' reasoning for removing this case was objectively reasonable. Specifically, Defendants focused heavily on the fact that Arches was a CO-OP, and that as a CO-OP, it was created and administered by the federal government under the ACA. Further, Defendants suggest that the source of the duties that they allegedly violated derive from federal law. The court is persuaded that these arguments present objectively reasonable grounds to support Defendants' initial removal. Thus, although the court has determined, as shown above, that Defendants' grounds for removal were legally flawed, the court is not persuaded that they were so baseless as to require an award of costs and fees. Therefore, the court denies Stillman's request for costs and fees.

## CONCLUSION

Based on the foregoing analysis, the court GRANTS Stillman's Motion to Remand and orders that this case be remanded to the Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 190906105. Pursuant to 42 U.S.C. § 1447(c), the clerk of this

9

court shall mail a certified copy of this Memorandum Decision and Order Remanding Case to the clerk of said state court. Each party shall bear its own costs and fees.

Dated this 13th day of January, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge